IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| IN RE SUBPOENA OF NON-PARTY | ) | Case No. 1:16-mc-01904-RC |
| JOE WALSH | ) | |
| | ) | |

### NON-PARTY JOE WALSH'S EMERGENCY
### MOTION FOR PROTECTIVE ORDER MODIFYING SUBPOENA

## I.     INTRODUCTION

Joe Walsh, a non-party to the underlying lawsuit pending in the United States District Court for the Eastern District of New York (*McCusker v. hibu plc*, *et. al.*, E.D.N.Y. Case No. 2:15-cv-02659-LDW-GRB) ("the Lawsuit"), requests a protective order from this Court modifying Defendant hibu plc's ("hibu") subpoena commanding him to appear for deposition and produce 21 categories of documents in Washington, D.C.  Walsh requests that his deposition be moved to October 5, 2016 instead of September 16, 2016.  Walsh informed counsel for hibu that he is unavailable on September 16 due to work-related commitments, but that he is available on October 5 (as well as several other October dates).  In addition, the parties to the Lawsuit, hibu and McCusker, are also available on October 5.

hibu nevertheless continues to insist proceeding on September 16.  It does so under the guise that waiting two and half weeks, or until October 5, prejudices it because of the September 21 deadline in the underlying Lawsuit to submit pretrial materials.  But that is not Walsh's or this Court's problem.  hibu waited until the eleventh hour to seek Walsh's deposition in the first instance, even though it was evident from the allegations in the original October 2014 Complaint—where Walsh was specifically identified—that he was a crucial witness in the Lawsuit.  And in all events, hibu is free to seek appropriate relief from the Eastern District of

New York if it desires to supplement the pretrial materials with information from Walsh's deposition.

In sum, Walsh is not moving to quash the subpoena. Nor is he attempting to avoid being deposed altogether. He is respectfully asking this Court's assistance in modifying the subpoena to set his deposition 19 days later than the date currently on the subpoena, for October 5. When the Lawsuit parties could not agree to his deposition on September 16, he reasonably made other plans, including a trip to California. It would be unreasonable now to mandate that Walsh cancel his plans on September 16 rather than proceed on October 5, when all parties are available.

## II.      BACKGROUND

On October 3, 2014, James McCusker filed the Lawsuit against his former employer, hibu in Pennsylvania state court. *See* Compl., attached as Exhibit A. In the Lawsuit, McCusker alleges claims for defamation and violation of the Pennsylvania Wage Payment and Collection Law against hibu and some of its directors and officers. *Id.* The crux of McCusker's claims is that hibu wrongfully terminated him "with cause," thereby depriving him of severance benefits that he is due under the terms of his employment contract. Specifically, he claims that hibu fired him "for allegedly providing confidential information to hibu Inc.'s former Chief Executive Officer, Joe Walsh." *Id.* ¶ 1. According to McCusker, however, "the allegations of improper conduct on the part of McCusker were false, fabricated, and a pretext for the real motivation behind terminating McCusker's employment: McCusker repeatedly questioned not only the soundness but the integrity and validity of grossly inflated financial projections being communicated to the shareholders and creditors of hibu Inc.'s parent corporation, hibu plc." *Id.* ¶ 2.

hibu and its co-defendants removed the case to the United States District Court for the Eastern District of New York in October 2014. *See* Notice of Removal, attached as Exhibit B.

On January 12, 2016, United States Magistrate Judge Gary Brown issued a Scheduling Order setting the deadline for discovery in the case for August 17, 2016.  *See* Scheduling Order, attached as Exhibit C.

Joe Walsh is the President and Chief Executive Officer of Dex Media, Inc. ("Dex Media").  *See* Joe Walsh Declaration ¶ 2, attached as Exhibit D.  He also serves as a Director on the Board of the Local Search Association.  *Id.*  ¶ 4.  On August 5, 2016, hibu attempted to serve a subpoena on Walsh at 2200 West Airfield Drive, DFW Airport, Texas 75261, Dex Media's offices ("Original Subpoena").  *See* Vanessa Andros Declaration ¶3, attached as Exhibit E.  The Original Subpoena purported to command Walsh to appear for a deposition and produce 21 categories of documents at the offices of Mintz Levin in Washington, D.C. (located at 701 Pennsylvania Avenue, NW) at 9:00 a.m. on August 17, 2016, the day discovery closed in the Lawsuit.  *See* Orig. Subpoena, attached as Exhibit F.

On August 12, 2016, Walsh filed a Motion to Quash the Original Subpoena ("Motion to Quash") in this Court, arguing that it did not provide Walsh with sufficient time for compliance; that it was not properly served; and that it represented an unreasonable and undue burden upon Walsh.  *See* Mot. to Quash the Orig. Subpoena, attached as Exhibit G.

After filing the motion, Walsh learned that counsel for hibu and counsel for McCusker reached an agreement to request permission from the Eastern District of New York to depose Walsh on a mutually convenient date after the August 17 discovery deadline in the Lawsuit.  In light of that agreement, Walsh withdrew his Motion to Quash, and on August 15, 2016, his counsel sent an email to counsel for hibu providing available dates for the deposition to proceed: "Right now, August 31 and September 1-2, 12, 15, 16, or 23 in DC is available.  September 9 in

DC or Dallas is also available." *See* Aug. 15, 2016 email from Brian Jorgensen, attached as Exhibit H.

Ultimately, however, counsel for hibu and counsel for McCusker were unable to agree on any of those dates. Specifically, on August 19, counsel for Walsh sent counsel for hibu an email stating as follows:

> When you and counsel for Mr. McCusker agree on a date for his deposition, please let me know. I will note that Mr. Walsh is very busy, and I have not checked back to see if any of the dates that I sent to you earlier this week have closed.

*See* Aug. 19, 2016 email from Brian Jorgensen, attached as Exhibit I. Counsel for hibu responded, representing to counsel for Walsh that the parties had agreed on September 16:

> Thank you Brian. It looks like both parties are free to take Mr. Walsh's deposition on September 16 (see the attached email). Can you please confirm today that this date still works for you and Mr. Walsh?

*See* Aug. 19, 2016 email from Breton Leone-Quick, attached as Exhibit J. Counsel for Walsh replied that it did, but a few hours later, lead counsel for McCusker, Cliff Haines, said that he would not agree to conduct the deposition on that date. *See* Aug. 19, 2016 email from Clifford Haines, attached as Exhibit K. Haines pointed out that September 16 was one working day before a trial he was scheduled to start representing Mark Cairns, also a former hibu executive, who also sued hibu for employment-related claims. *Id.*

Since it was clear that the Lawsuit parties did not agree on September 16 for his deposition, Walsh understood that the deposition would not proceed on that date. *See* Ex. D ¶ 4. As such, he committed to attend a Board meeting for the Local Search Association in Glendale, California on September 14 and various other work-related meetings through September 16. *Id.* He is, thus, no longer available on September 16. *Id.*

Counsel for hibu, however, continues to insist on moving forward on September 16. Several days after it was clear that the Lawsuit parties were not in agreement on that date, counsel for hibu served an amended subpoena on Walsh seeking to proceed with his deposition on September 16 ("Amended Subpoena").  *See* Am. Subpoena, attached as Exhibit L.

Upon receipt, counsel for Walsh quickly explained that Walsh was no longer available on September 16 and provided several alternative dates in October:  "[Mr. Walsh] remains available, however, on 10/5, 10/6, 10/11, 10/12, and 10/18."  *See* Aug. 31, 2016 email from Brian Jorgensen, attached as Exhibit M.

Subsequently, counsel for McCusker, counsel for hibu, and Walsh all agreed to October 5 for Walsh's deposition.  *See* Sept. 9, 2016 email from Breton Leone-Quick, attached as Exhibit N; *see also* Sept. 9, 2016 email from Clifford Haines, attached as Exhibit O.  On Friday, September 9, Walsh even provided a declaration to counsel for hibu stating that he was available and would agree to appear for his deposition on October 5 in Washington, D.C.  *See* Sept. 9, 2016 email from Brian Jorgensen and Affidavit, attached as Exhibit P.

Counsel for hibu nevertheless continues to insist on moving forward on September 16, despite counsel for McCusker's objection and Walsh's lack of availability.  On Thursday, September 8, hibu filed an Emergency Motion to Compel the Deposition of Joe Walsh on September 16, 2016 in this Court ("Motion to Compel").  Counsel for hibu claims that the deposition must proceed due to a September 21 deadline in the Lawsuit to submit pretrial materials.  All interested parties worked together to try and resolve hibu's concern.  And for a fleeting moment, it appeared as though counsel for McCusker and counsel for hibu had reached an arrangement that was satisfactory to hibu, *i.e.*, an agreement to jointly request that the Court in the Lawsuit allow them to supplement pretrial materials with information from Walsh's

5

deposition.  But on Friday afternoon, September 9, counsel for McCusker made it clear that he would not agree to such an arrangement and that if hibu wanted to supplement the pretrial materials, it would need to request the Lawsuit court's permission to do so without his consent. *See* Sept. 9, 2016 email from Clifford Haines, attached as Exhibit Q.

On September 10, counsel for hibu then urged counsel for Walsh to convince McCusker, behind the scenes, to push his counsel, Haines, to change his mind.  *See* Sept. 10, 2016 email from Breton Leone-Quick, attached as Exhibit R.  Counsel for Walsh quickly responded that he had already gone down that path.  That is, Walsh had already tried to convince McCusker to urge his lawyer to agree to the proposal that counsel for hibu had set out.  McCusker's lawyer simply refuses to agree.  Counsel for Walsh then proposed an alternative solution:

> Proceeding on October 5 as agreed to by all parties is in the best interest of my client.  As a result, I think the best course is for you to withdraw your motion to compel and serve an amended subpoena for October 5.  You can use the declaration that I provided yesterday in an opposed motion/letter to be filed in the New York court where the McCusker lawsuit is pending to request the relief you desire.  Please let me know if you will agree.  If not, we will be filing a motion to quash the [Amended Subpoena]. . . .

*See* Sept. 10, 2016 email from Brian Jorgensen, attached as Exhibit S.  But on September 12, counsel for hibu replied stating that Walsh will need to move to quash the Amended Subpoena. *See* Sept. 12, 2016 email from Breton Leone-Quick, attached as ExhibitT.

## III.   JURISDICTION

The United States District Court for the Eastern District of New York is the court where the underlying case is pending and the court that issued the Amended Subpoena.  *See* Ex. L.  However, the subpoena commands that Walsh appear for his deposition in Washington, D.C.  Rule 45(d)(3)(A) provides "the court for the district where compliance is required must quash or modify a subpoena…."  Because compliance with the subpoena is required in Washington, D.C., this Court has jurisdiction to decide this Motion.

## III.      ARGUMENT

Mr. Walsh agrees to be deposed in the Lawsuit, but is not available on September 16. The issue before this Court is whether Walsh, a non-party to the Lawsuit, needs to cancel a work trip to California and multiple work-related commitments he made, to appear on September 16 rather than October 5, when he (and all the Lawsuit parties) are available.

**A.      Requiring Walsh, a non-party, to cancel a work trip to California and multiple work-related commitments places an undue burden on him.**

Rule 45(d)(3)(A)(iv) provides that "the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iv).   Concerns about reasonableness and undue burden are especially pronounced where discovery is sought against a **non-party**, as here.   *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("if the person to whom the request is made is a non-party, the court may also consider the expense and inconvenience to the non-party"); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs"); *see also Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (non-parties are afforded "special protection against the time and expense of complying with subpoenas").

Further, Rule 45(d)(1), requires that:

> [a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.   The court of the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

FED. R. CIV. P. 45(d)(1).

Here, it is without question that forcing Walsh to appear in Washington, D.C. on September 16 for a deposition places an undue burden on him.   He has multiple work obligations

and commitments that make his appearance on September 16 onerous and inconvenient.  As a non-party to the Lawsuit, this Court should give special weight to the burden that would be imposed on him unnecessarily.

In its Motion to Compel, hibu mischaracterizes the law of this jurisdiction by stating that Walsh must show extraordinary circumstances to excuse him from testifying on September 16. *See* Mot. to Compel, 13.  A prospective witness need only show "extraordinary circumstances" when he seeks "a protective order completely prohibiting his deposition." *Alexander v. FBI*, 186 F.R.D. 60, 64 (D.D.C. 1998).  Here, Walsh is not seeking that his deposition be barred; he is simply asking that it be moved to a date in which he does not have work conflicts.

This Court has broad discretion to designate the date for Walsh's deposition under Rule 26(c), which allows the Court, for good cause, to grant a protective order in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P.  26(c)(1); *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1987 n. 13, 167 L.Ed.2d 929 (2007) (discussing how Rule 26 confers broad discretion to set appropriate terms and conditions on discovery).  Thus, this Court can and should modify hibu's subpoena and reschedule Walsh's deposition for October 5.

**B.     This dispute is the result of hibu's failure to get McCusker's agreement to the September 16 deposition date before issuing the Amended Subpoena.**

Had counsel for hibu and counsel for McCusker agreed to a deposition date for Walsh before hibu issued the Amended Subpoena, this dispute would have been avoided.   The conflict here now is the direct result of the refusal by hibu and McCusker to agree to proceed with the deposition on September 16.   When McCusker's counsel unequivocally refused the September 16 deposition date, Walsh reasonably made other plans.  It is proper for this Court to grant a protective order staying the deposition of a third party that has been scheduled by one

lawsuit party without obtaining the other lawsuit party's consent to the deposition date. *See Seabrook Med. Sys., Inc. v. Baxter Healthcare Corp.*, 164 F.R.D. 232 (S.D. Ohio 1995). The court in *Seabrook* held:

> The Court therefore finds—as a matter of professional courtesy, and as a means to avoid future scheduling conflicts—that, when making arrangements for third-party depositions, counsel for both sides should jointly call the third-party deponent to schedule that party's deposition. When such calls cannot be made due to the third-party's unavailability, refusal to cooperate, or otherwise, counsel for both sides should contact each other and jointly agree to a deposition date. Only then should the deposition subpoena issue. What needs to occur is quite simple: counsel should discuss and agree to a deposition date before the issuance of the subpoena, not after.

*Seabrook,* 164 F.R.D. at 233.

Here, hibu issued the Amended Subpoena before McCusker agreed to the date in a frenzied attempt to take Walsh's deposition after the discovery deadline passed and just five days before the joint pre-trial memorandum is due in the Lawsuit.

In its Motion to Compel, hibu spends many pages spinning a yarn about a grand conspiracy between Walsh and McCusker to postpone Walsh's deposition past the September 21 deadline. Such a fanciful claim rings hollow in light of hibu's lack of diligence in pursuing Walsh's deposition in the first instance. hibu has had nearly two years to depose Walsh since the Lawsuit was originally filed in October 2014. hibu's own Motion to Compel references Walsh's "key role in the underlying dispute" and claims he has "knowledge vital to hibu's defenses." Mot. to Compel, 3, 5. hibu chose to sit on its hands until 12 days before the discovery deadline to attempt to subpoena Walsh for a deposition on August 17, the very last day discovery was permitted under the court's scheduling order. Walsh is not responsible for this procrastination. hibu is.

As explained in Walsh's Motion to Quash, hibu improperly served the subpoena and did not provide Walsh with sufficient time to comply with it. *See* Ex. G. Moreover, Walsh was not available on August 17. In light of this, McCusker and hibu both agreed to take Walsh's deposition on a mutually agreeable date after the August 17 discovery deadline, which all interested parties have agreed is October 5. A conspiracy claim just does not add up, particularly in light of the fact that Walsh's counsel has attempted, both directly to Haines and through his client to McCusker, to convince Haines to agree to hibu's proposal to allow it to supplement pretrial materials with information from Walsh's deposition, in order to allow for the deposition to take place on a date on which Walsh is available and to avoid motion practice. But Haines will not agree.

**C.     hibu's Motion to Compel is procedurally improper.**

It is premature for hibu to compel a deposition before the date the deposition is even set. hibu's Amended Subpoena, in itself, compels Walsh's attendance at the deposition on September 16. Rule 37(a)(3)(B)(i) provides that a party may file a motion to compel if "a deponent fails to answer a question asked under Rule 30 or 31." FED. R. CIV. P. 37(a)(3)(B)(i). Here, Walsh has not failed to answer any questions because his scheduled deposition has not yet occurred. Thus, there is nothing for this Court to compel now.

<u>**REQUEST FOR RELIEF**</u>

Walsh respectfully requests that the Court modify the Amended Subpoena to move the date for compliance to October 5, 2016, and grant him all other relief to which he is entitled. Because the deposition is scheduled to begin Friday, September 16, 2016, Walsh requests the Court to consider this Motion on an emergency basis.

Dated:  September 12, 2016.

Respectfully submitted,

/s/ Nikki McArthur
Nikki L. McArthur
nmcarthur@jonesday.com
District of Columbia Bar No. 1015582
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
ph:  202-879-3843
fax:  202-626-1700

ATTORNEY FOR JOE WALSH

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that counsel for non-party Joe Walsh conferred with

counsel for hibu and McCusker, the parties in the underlying Lawsuit, regarding the relief

requested in this Motion in a good faith attempt to resolve this matter; however, no resolution

could be made.  Therefore, this Motion is opposed.

/s/ Nikki McArthur

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of September 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send electronic notice to all counsel of record in this matter.  I also certify that a true and correct copy of the foregoing Non-Party Joe Walsh's Emergency Motion for Protective Order to Modify Subpoena was sent to the following counsel of record in *McCusker v. hibu plc*, *et. al.*, via email:

Bret A. Cohen
bcohen@mintz.com
Gauri P. Punjabi
gppunjabi@mintz.com
Robert Sheridan
rsheridan@mintz.com
MINTZ LEVIN
One Financial Center
Boston, MA 02111

Clifford E. Haines
chaines@haines-law.com
Danielle Weiss
dweiss@haines-law.com
HAINES & ASSOCIATES
1835 Market St #2420
Philadelphia, PA 19103

/s/ Nikki McArthur

NAI-1502053330v3